Neil B. Klein, Bar No. 142734
neilk@mckassonklein.com
Maria del Rocio Ashby, Bar No. 206282
mrashby@mckassonklein.com
**McKASSON & KLEIN LLP**
2211 Michelson Drive, Suite 320
Irvine, California 92612
Telephone: (949) 724-0200
Facsimile:   (949) 724-0201

Attorneys for: Plaintiff World Fuel Services, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| WORLD FUEL SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> M/V HANJIN MONTEVIDEO, its freights, engines, apparel, appurtenances, and tackle, <br><br> Defendant *in rem*. | Case No.:  2:16-cv-06584 <br><br> IN ADMIRALTY <br><br> **VERIFIED COMPLAINT FOR ENFORCEMENT OF MARITIME LIEN *IN REM;* RULE C ARREST** <br><br> **SUPP. ADMIRALTY RULE C** |

Plaintiff, WORLD FUEL SERVICES, INC., trading as WORLD FUEL SERVICES ("World Fuel"), hereby files its Verified Complaint against Defendant M/V HANJIN MONTEVIDEO ("Vessel") *in rem*, and pleads as follows.

**Jurisdiction, Venue and Parties**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Complaint and the claims set forth also fall under this Court's Admiralty Jurisdiction pursuant to 28 U.S.C. Section 1333, and is brought under the provisions of Rule C of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture, Federal Rules of Civil Procedure and Local Admiralty Rules ("Supplemental Admiralty Rules").

2. Venue lies within the Central District of California pursuant to the provisions of 28 U.S.C. Section 1391(b) and Rules C and E of the Supplemental Admiralty Rules, in the Vessel is or soon will be within this District.

3. World Fuel is a corporation engaged in the fueling (bunkering) of ocean-going vessels, and provided bunkers and bunker services to the Vessel on or about July 24th 2016 in Seattle, Washington.

4. The Vessel is an ocean-going vessel that, through its charterer/operator, ordered bunkers from World Fuel for the Vessel on or about July 24th 2016.

## COUNT I

### Maritime Lien Claims in Contract against Vessel

5. Plaintiff realleges and incorporates herein each and every allegation contained in Paragraphs 1 through 4, as though fully set forth herein.

6. Pursuant to a maritime contract between World Fuel and the Vessel's owners and/or charterers, World Fuel provided $488,749.43 worth of bunkers and bunker services to the Vessel on or about July 24th 2016 at Seattle, Washington. A copy of the bunker order confirmation and invoice is attached hereto as Exhibit A.

7. World Fuel provided bunkers to the Vessel on the order of and to account of the Vessel, Vessel's Owner(s), and the Vessel's charterer(s) and agent(s), pursuant to order by the Vessel's Master and/or charter/operator Hanjin Shipping Co. Ltd. ("Hanjin"), who had presumed authority to bind the Vessel.

8. World Fuel emailed confirmation of the order (Exhibit A) to Hanjin. The confirmation specifically stated:

> All sales are on the credit of the vessel. Buyer is presumed to have authority to bind the vessel with a maritime lien. Disclaimer stamps placed by vessel on the bunker receipt will have no effect and do not waive the Seller's lien. This confirmation is governed by and incorporates by reference Seller's general terms and conditions for marine fuel products

-2-

> and related services in effect as of the date that this confirmation is issued.
>
> These incorporated terms can be found at www.wsfcorp.com/Marine/index.jsp.
>
> Alternatively, you may inform us is if you require a copy and same will be provided to you.

9. World Fuel's General Terms and Conditions (attached hereto as Exhibit B), governing the bunker sales to the Vessel, provide in pertinent part as follows:

> 7. PAYMENT: … (b) Any individual bunker transaction not requiring cash in advance shall require credit approval by Seller's Credit Department in Miami, Florida. This approval, which will occur prior to Seller's transmittal to Buyer of a Confirmation, shall be construed as the binding act in a bunker transaction and it is agreed that contract formation has occurred in Florida.
>
> (c) Past due amounts shall accrue interest at a rate equal to the lesser of 2.0 percent per month, or the maximum rate permitted by applicable law. All amounts more than 15 days past due shall incur an additional 5% administrative fee. All payments received from Buyer after an invoice is overdue shall first be applied to interest, legal collection costs and administrative fees incurred before they will be applied to the principal amounts on a subsequent delivery. Buyer may not designate application of funds to a newer invoice so long as there are any unpaid charges, interest, collection costs or administrative fees on a previous one. This shall not be construed, however, as preventing Seller's option to choose application of funds in instances where subsection (h) below shall apply. Any waiver by Seller of interest charges or administrative fees on a particular invoice shall not be construed as a waiver by Seller of its right to impose such charges on subsequent deliveries.
> …
>
> 8. CREDIT AND SECURITY; ADEQUATE ASSURANCE: (a) Products supplied in each Transaction are sold and effected on the credit of the Receiving Vessel, as well as on the promise of the Buyer to pay, and it is agreed and the Buyer warrants that the Seller will have and may assert a maritime lien against the Receiving Vessel for the amount due for the Products delivered. This maritime lien shall extend to the vessel's freight payments for that particular voyage during which the bunkers were supplied and to freights on all subsequent voyages. Disclaimer of lien

stamps placed on a Bunker Delivery Receipt shall have no effect towards the waiver of such lien.
…

(c) If the purchase of Products is contracted for by an agent, then such agent, as well as the principal, shall be bound by and be fully liable for obligations of the Buyer in the Transaction.

(d) All sales made under these terms and conditions are made to the registered owner of the vessel, in addition to any other parties that may be listed as Buyer in the confirmation.  Any bunkers ordered by an agent, management company, charterer, broker or any other party are ordered on behalf of the registered owner of the Receiving Vessel and such registered owner is fully liable as a principal for payment of the bunker invoice.
…

18. LAW, VENUE AND JURISDICTION; WAIVER OF JURY TRIAL: The General Terms and each Transaction shall be governed by the General Maritime Law of the United States of America and, in the event that such laws are silent on the disputed issue, the laws of the State of Florida, without reference to any conflict of laws rules which may result in the application of the laws of another jurisdiction. The General Maritime Law and the applicable federal laws of the United States of America shall apply with respect to the existence of a maritime lien, regardless of the country in which Seller takes legal action. Any disputes concerning quality or quantity shall only be resolved in a court of competent jurisdiction in Miami-Dade County, Florida. Disputes over payment and collection may be resolved, at Seller's option, in Miami-Dade, Florida state or federal courts or in the courts of any jurisdiction where either the Receiving Vessel or an asset of Buyer may be found. Each of the parties hereby irrevocably submits to the jurisdiction of any such court, and irrevocably waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum or its foreign equivalent to the maintenance of any action in any such court. Seller shall be entitled to assert its rights of lien or attachment or other rights, whether in law, in equity or otherwise, in any country where it finds the vessel.  BUYER AND SELLER WAIVE ANY RIGHT EITHER OF THEM MIGHT HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING FROM OR RELATED TO THE GENERAL TERMS OR ANY TRANSACTION.

**VERIFIED COMPLAINT FOR ENFORCEMENT OF MARITIME LIEN *IN REM*; RULE C ARREST**

10. The Vessel failed to pay World Fuel for such bunkers and related bunker services, and is therefore in default of its obligations to pay World Fuel.

11. World Fuel therefore possesses a maritime lien for the supply of necessaries to the Vessel pursuant to the Federal Maritime Lien Act, 46 U.S.C. Section 31342(a) in the amount of the bunkers and bunker services provided, plus all contractual interest and costs, as set out below.

## DEMAND FOR JUDGMENT

WHEREFORE, World Fuel respectfully demands judgment and prays as follows:

A. That this Court issue a warrant of arrest pursuant to Supplemental Admiralty Rule C for arrest of the Vessel;

B. That the Vessel, its engines, tackle, freights, and apparel be arrested pursuant to Supplemental Admiralty Rule C;

C. That this Court enter judgment in favor of World Fuel, and against the Vessel, in the principal sum of $488,749.43, plus contractual interest, fees, and costs; and

D. That this Court award World Fuel such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: September 1, 2016

*/s/ Neil B. Klein*
Neil B. Klein
Maria del Rocio Ashby
**MCKASSON & KLEIN LLP**
Attorneys for World Fuel Services, Inc.

-5-

**VERIFIED COMPLAINT FOR ENFORCEMENT OF MARITIME LIEN *IN REM*; RULE C ARREST**

## VERIFICATION

I am a member of the law firm McKasson & Klein LLP, counsel to Plaintiff WORLD FUEL SERVICES, INC., trading as WORLD FUEL SERVICES. The facts alleged in the foregoing Verified Complaint are true and correct to the best of my knowledge and information, and based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verification on Plaintiff's behalf. I am authorized to make this verification on Plaintiffs' behalf.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on August 31, 2016.

McKASSON & KLEIN LLP

_____
Neil B. Klein